# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05CR387 |
| | ) | |
| v. | ) | |
| | ) | |
| DARTAVIAN DE SHAWN WATSON, BILLY DEE SPENCER, and JUAN ANTONIO GARCIA, | ) ) ) ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendants. | ) ) | |

This matter is before the court on the government's objections (Filing Nos. 51 and 55) to the report and recommendation (hereinafter, "R&R") of the United States Magistrate Judge ("magistrate") (Filing No. 48), recommending that the defendants' motions to suppress evidence, statements and physical evidence (Filing Nos. 25, 27, and 29) be granted.

Under 28 U.S.C. § 636(b)(1)(C), the court makes a de novo determination of those portions of the report and recommendation to which the parties object. *United States v. Lothridge*, 324 F. 3d 599, 600-01 (8th Cir. 2003). The court has conducted a *de novo* review of the record pursuant to 28 U.S.C. § 636(b)(1)(A), including the transcript of the hearing on the motion ("Hr'g Tr.") and a videotaped recording of the traffic stop at issue. *See* Filing No. 37, Ex. 3.

## BACKGROUND

The facts are adequately set forth in the R&R and need not be fully repeated here. The court agrees with the magistrate's recitation of the evidence presented at the hearing. Briefly, the defendants were stopped and the vehicle was searched by law enforcement

officers who were conducting a "ruse checkpoint" that involved the posting of notices on an interstate highway of an upcoming drug checkpoint. State Trooper Greg Goltz testified that the goal of the ruse was to observe motorists who took the exit after reading the signs and to stop those who committed an illegal act or traffic violation. Hr'g Tr. at 10-11. Defendants were observed traveling on the highway that intersects Interstate 80 at the exit that follows the posted signs. *Id.* at 18.

Trooper Goltz testified that he stopped the vehicle because it had pulled into the driveway of an unoccupied farmhouse that state troopers had been asked to patrol. *Id.* at 19-20. It is undisputed that there was no traffic violation. Significantly, there was no evidence that defendants' vehicle had exited the Interstate. Also, there were no inconsistencies in the defendants' separate statements to Trooper Goltz. In addition, Trooper Goltz testified that if the driver had not consented to the search, he would have detained the defendants for a further investigation using a drug dog. *Id.* at 54.

After a hearing, the magistrate found that law enforcement officers had a reasonable and articulable suspicion to justify a brief investigative detention, but that they did not have probable cause to expand the scope of the initial stop. Filing No. 48, R&R at 11. The magistrate further found that the government had not met its burden of showing that the defendant's subsequent consent to search was freely and voluntarily given, so as to eliminate the "taint" of the earlier illegal detention. *Id.* The magistrate's conclusion was based in part on Trooper Goltz's admission that he was acting on a "hunch" in stopping the defendants and his further testimony that he had not seen the vehicle exit the Interstate highway at the point of the "ruse" checkpoint.

The court agrees with the magistrate's legal analysis and conclusions and finds that the R&R should be adopted. The court adds that although similar ruse checkpoints have been approved as a law enforcement tool, the requirement of individualized suspicion of criminal activity has not been relaxed in such situations. *Compare United States v. Yousif,* 308 F.3d 820, 829 (8th Cir. 2002) (finding a drug interdiction checkpoint an unconstitutional violation of Fourth Amendment rights), *with United States v. Williams,* 359 F.3d 1019, 1021 (8th Cir. 2004); *United States v. Martinez,* 358 F.3d 1005, 1008-09 (8th Cir. 2004) (approving stops for traffic violations in connection with a ruse similar to that herein). Encounters such as that involved in this case are approved only if probable cause exists. *Williams*, 359 F.3d at 1019. Although exiting a highway in response to a ruse checkpoint warning may be suspicious, "the suspicion engendered is insufficient for Fourth Amendment purposes," and "probable cause, the *sine qua non* of which is individualized suspicion" must be present to justify a subsequent search or seizure. *See id.* The court further agrees that the government has not sustained its burden to show that defendant Watson's subsequent consent was freely and voluntarily given. *See id.* at 831. Accordingly,

IT IS ORDERED that:

1. The report and recommendation of the magistrate (Filing No. 48) is adopted;
2. Defendant Dartavian Watson's motion to suppress evidence (Filing No. 25) is granted;
3. Defendant Billy Dee Spencer's motion to suppress arrest, statement and physical evidence (Filing No. 27) is granted; and

4. Defendant Juan Antonio Garcia's motion to suppress (Filing No. 29) is granted.

DATED this 17th day of May, 2006.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge